# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARNER; SHANNON FARNER,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv2193 BTM(AJB)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND VACATING TEMPORARY RESTRAINING ORDER** |

## I. INTRODUCTION

Prior to the removal of this case, the Superior Court granted Plaintiffs' application for a temporary restraining order and Plaintiffs filed a motion for preliminary injunction. Upon removal, this Court issued a temporary restraining order to maintain the status quo and ordered Defendants to show cause why a preliminary injunction should not issue. Defendants filed a response to the OSC. Plaintiffs have not filed any reply. Upon review of the record, the Court finds that there is no need for an evidentiary hearing or oral argument and decides the motion on the papers.

///
///
///

## II. DISCUSSION

A.  Standard

To prevail on a motion for a preliminary injunction, the moving party must show either "a) a probable success on the merits combined with the possibility of irreparable injury or b) that [the moving party] has raised serious questions going to the merits, and that the balance of hardships tips sharply in her favor." Bernhart v. County of Los Angeles, 339 F.3d 920, 925 (9th Cir. 2003). These alternatives are "extremes of a single continuum," thus, "the greater the relative hardship to the moving party, the less probability of success must be shown." Id. (citations omitted). Courts will also consider the public interest when evaluating a request for injunctive relief. Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

B.  Analysis

Plaintiffs contend that Defendants lack standing to foreclose on the property located at 2246 ½ Buena Creek Road, Vista, California (the "Property"), and seek to enjoin Defendants from conducting nonjudicial foreclosure proceedings. For the reasons discussed below, the Court denies Plaintiffs' motion for preliminary injunction.

In May 2005, Plaintiffs obtained a $660,100 loan from Nationwide Lending Group. (Ex. A to Razo Decl.) The note was secured by a Deed of Trust, which names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (Ex. B to Razo Decl.)

In October 2005, Countrywide Home Loans, Inc. ("Countrywide") acquired the servicing rights to the loan, including the right to collect payments and enforce the terms of the Note and Deed of Trust. (Razo Decl. ¶ 7.) On May 19, 2008, at Countrywide's direction, ReconTrust Company ("ReconTrust"), acting as an agent for MERS, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") in the San Diego County Recorder's Office. (Ex. E to Razo Decl.) On August 21, 2008, MERS substituted ReconTrust as the trustee under the Deed of Trust. The Deed of Trust was recorded with the San Diego County Recorder's Office. (Ex. F to Razo Decl.) On August 26, 2008,

ReconTrust, as trustee under the Deed of trust, recorded a Notice of Trustee's sale with a foreclosure sale date of September 11, 2008. (RJN, Ex. 8.) No foreclosure sale has yet taken place. The amount due to reinstate the loan under the note is $98,409.93. (Razo Decl. ¶ 13.)

Under California law, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder. Cal. Civ. Code § 2924(a)(1). No less than three months after the filing of the notice of default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code § 2924(a)(3).

Here, the notice of default was filed by ReconTrust at the direction of Countrywide. Both ReconTrust and Countrywide were acting as agents for MERS, the beneficiary under the deed of trust. Subsequently ReconTrust, as trustee, recorded the Notice of Trustee's sale. ReconTrust and Countrywide had standing to perform the aforementioned actions, and Plaintiffs have failed to produce evidence of any procedural impropriety with respect to the nonjudicial foreclosure proceedings.

Plaintiffs suggest that Defendants must produce the original note in order to conduct nonjudicial foreclosure proceedings. However, there does not appear to be any requirement under California law that the original note be produced in order to render the foreclosure proceedings valid. See Cal. Civ. Code §§ 2924, et seq.

Plaintiffs argue that the foreclosure proceedings would violate Cal. Civ. Code § 2923.6, which, according to Plaintiffs, requires Defendants to modify the terms of the loan. However, nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers.[1]

---

[1] Cal. Civ. Code § 2923.6 provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

1    Plaintiffs' remaining causes of action for fraud and violations of the Rosenthal Fair
2 Debt Collection Practices Act ("RFDCPA") and the Federal Fair Debt Collection Practices Act
3 ("FDCPA") seek damages and do not have any bearing on Plaintiffs' motion for preliminary
4 injunction.  At any rate, Plaintiffs have not shown a likelihood of success on these claims.
5 Plaintiffs make general claims that Defendants engaged in conduct "which harassed,
6 oppressed, and abused" them (Decl. of Shannon Farner (RJN Ex. 2), ¶ 3), but do not specify
7 exactly what each Defendant did to violate the RFDCPA and/or FDCPA.  As for the fraud
8 claim, it appears that the alleged fraud was committed by the lender.  It is unclear under what
9 theory Plaintiffs seek to hold Defendants responsible for the lender's actions.

10   Although the loss of Plaintiffs' home may constitute an irreparable injury – see, e.g.,
11 Wrobel v. S.L Pope & Assoc., 2007 WL 2345036 (S.D. Cal. June 15, 2007) – Plaintiffs have
12 failed to show even a modest chance of success on the merits.  Therefore, Plaintiffs are not
13 entitled to injunctive relief at this time.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

(c) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion for a preliminary injunction is **DENIED**, and the temporary restraining order is **VACATED**. The hearing on the Order to Show Cause is **VACATED**.

**IT IS SO ORDERED.**

DATED: January 26, 2009

Honorable Barry Ted Moskowitz
United States District Judge