# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARNER; SHANNON FARNER,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br>COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY, and DOES 1 through 10, inclusive,<br>　　　　　　　　　　Defendants. | CASE NO. 08cv2193 BTM(AJB)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR MORE DEFINITE STATEMENT AS MOOT** |

Defendants Countrywide Home Loans, Inc. ("Countrywide") (erroneously sued as "Countrywide Home Loans") and ReconTrust Company ("ReconTrust") (collectively "Defendants") have filed a motion to dismiss Plaintiffs' Complaint, or, in the alternative, for a more definite statement. For the reasons discussed below, Defendants' motion to dismiss is **GRANTED** and Defendants' motion for a more definite statement is **DENIED AS MOOT**.

## I. FACTUAL BACKGROUND

Plaintiffs allege that in May 2005, they obtained a loan from Nationwide Lending Group that was secured by a deed of trust to Plaintiffs' residence located at 2246 ½ Buena Creek Road, Vista, California (the "Property"). (Compl. ¶¶ 21, 37.) Plaintiffs allege that they

did not receive an explanation of the full terms of their loan, including but not limited to, the rate of interest and how such rate would be calculated, what the payment schedule would be, the risks and disadvantages of the loan, the prepay penalties, and applicable fees. (Compl. ¶¶ 24-25.) Plaintiffs also allege that no determination was ever made whether Plaintiff would be able to make the loan payments and that Plaintiffs' income was never truly verified. (Compl. ¶¶ 27-28.) Plaintiffs allege that Defendants and/or Defendants' predecessors implemented the policy of failing to disclose material facts about the loan and falsifying information, knowing that Plaintiffs would be unable to perform future terms of the loans. (Comp. ¶¶ 30-31.)

Plaintiffs admit that the loan is presently in default, but allege that Defendants have no standing to enforce a nonjudicial foreclosure. (Compl. ¶ 35.) According to Plaintiffs, because none of the Defendants are present holders of the note, none of the Defendants are entitled to enforce the instrument. (Comp. ¶¶ 54-55.)

Plaintiff asserts the following causes of action: (1) violation of Cal. Civ. Code § 2823.6; (2) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17; (3) violation of Cal. Civ. Code § 1572; (4) declaratory relief; and (5) injunctive relief.

## II. **STANDARD**

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a

right to relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>

## III. DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint for failure to state a claim, or, in the alternative, for a more definite statement. As discussed below, the Court finds that Plaintiffs have failed to state a claim.

A. <u>Violation of Cal. Civ. Code § 2923.6</u>

Plaintiffs allege that Defendants have violated Cal. Civ. Code § 2923.6 by failing to modify the loan. (Compl. ¶¶ 64-76.)

Cal. Civ. Code § 2923.6 provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

(c) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

Nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers. Therefore, this claim is dismissed.

///

B. <u>Violation of the Rosenthal Act and/or the Federal Fair Debt Collection Practices Act</u>

Plaintiffs allege that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, by failing to comply with the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiffs generally allege that Defendants violated the statutes by: engaging in conduct, the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt; by misrepresenting the status of the debt; by using unfair or unconscionable means to collect or attempt to collect a debt; and/or by using deceptive means to collect or attempt to collect a debt from Plaintiffs. (Compl. ¶ 79.)

Even assuming Defendants qualify as "debt collectors" under the statutes, Plaintiffs have failed to specify exactly what each Defendant did to violate the RFDCPA and/or FDCPA. No facts are alleged as to efforts to collect amounts owing on the note other than through nonjudicial foreclosure. Plaintiffs' bare allegations of unfair debt collection practices are insufficient to raise Plaintiffs' claim above the speculative level. Therefore, Plaintiffs' motion to dismiss is granted as to this claim as well.

C. <u>Fraud</u>

Plaintiffs claim that Defendants and/or Defendants' predecessors fraudulently induced them into entering into the loan by failing to disclose material terms of the loan and failing to perform a proper investigation.

As noted in the Court's Order Denying Motion for Preliminary Injunction and Vacating Temporary Restraining Order, it appears that the alleged fraud was committed by the lender, Nationwide Lending Group. It is unclear under what theory Plaintiffs seek to hold Defendants responsible for the lender's actions. Countrywide apparently services the loan,[1] while ReconTrust acts both as the authorized agent of Mortgage Electronic Registration Systems,

---

[1] Plaintiffs allege that the Promissory Note and Deed of Trust were executed in favor of Nationwide Lending Group (Compl. ¶ 37), but also allege that Countrywide "is the Lender and only party entitled to enforce the Note and any security interest with it." (Compl. ¶ 38.) The Promissory Note itself reflects that Nationwide is the lender. (RJN, Ex. A.) Countrywide clarifies that it services the loan. (Def.'s Mem. of P. & A. at 2.)

Inc. ("MERS"), the named beneficiary in Plaintiffs' Deed of Trust, as well as a substituted trustee under the Deed of Trust. (RJN, Exs. B, D, E.)

Furthermore, Plaintiffs have failed to plead fraud with specificity as required by Fed. R. Civ. P. 9(b). Plaintiffs do not specify the "who, what, when, where, and how" that is necessary to meet the pleading standard for fraud. Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Accordingly, Plaintiffs have failed to state a fraud claim against Defendants.

D.  Declaratory & Injunctive Relief

Plaintiffs' claims for declaratory relief and injunctive relief are premised on the proposition that ReconTrust does not have standing to conduct a nonjudicial foreclosure on Plaintiffs' home because the note has not been assigned to ReconTrust.

Under California law, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder. Cal. Civ. Code § 2924(a)(1). No less than three months after the filing of the notice of default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code § 2924(a)(3).

Here, the notice of default was filed by ReconTrust as an agent for MERS, the beneficiary under the deed of trust. (RJN, Ex. D.) Subsequently, a Substitution of Trustee was executed by MERS, designating ReconTrust as the trustee under the Deed of Trust. (RJN, Ex. D.) On August 26, 2008, ReconTrust recorded the Notice of Trustee's Sale, with a scheduled foreclosure sale date of September 11, 2008. (RJN, Ex. F.)

According to the above-described publicly-filed documents, ReconTrust had standing to institute the nonjudicial foreclosure proceedings, and there is no basis for Plaintiffs' declaratory relief and injunctive relief claims.

### III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED** and Defendants' motion for a more definite statement is **DENIED AS MOOT**.  The Court grants Plaintiffs leave to file a First Amended Complaint remedying the deficiencies identified above. If Plaintiffs choose to file a First Amended Complaint, they must do so by **June 15, 2009**, or else this case will be closed.

**IT IS SO ORDERED.**

DATED: May 22, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge